# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                             **Case No. 18-CR-16**

**JOSEF K. HABIB**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Josef Habib with conspiracy to distribute marijuana, money laundering, and possessing a firearm in furtherance of drug trafficking. Defendant filed a motion to dismiss or for declaratory and injunctive relief, challenging "in toto the Government's positions and actions related to marijuana." (R. 33 at 2.) He contends that the federal marijuana scheme is irrational, arbitrary, and confusing; that his indictment must be dismissed as the product of that unconstitutional scheme; and that further prosecution under the scheme should be enjoined.

The magistrate judge handling pre-trial proceedings recommended that the motion be denied. Defendant objects, so I must review the matter de novo. See Fed. R. Crim. P. 59(b).

**I.**

As the magistrate judge noted, defendant's argument is hard to pin down. Indeed, in his reply in support of the objections, defendant "acknowledges that his argument has grown and blossomed during the two years that this motion has been pending." (R. 243 at 4.) The magistrate judge construed his papers as raising three claims: (1) the statutory scheme is irrational and arbitrary, in violation of due process and equal protection: (2) the statutory

scheme violates the fair notice requirement of due process; and (3) this is a selective prosecution, in violation of equal protection. (R. 237 at 4-5.)

In his objections, defendant indicates that he does not challenge any individual element of the government's marijuana scheme: not marijuana's classification as a schedule I substance or the continued denial of reclassification, not the government's selective enforcement of marijuana laws depending on the state, and not the government's facilitation of certain marijuana-related activities on financial exchanges. Rather, he challenges the scheme in toto. (R. 241 at 5.)

The breadth of defendant's challenge complicates review. Nevertheless, I will address his arguments as presented in the objections.

Defendant first criticizes the magistrate judge for addressing aspects of his argument, e.g., the alleged mis-classification of marijuana in schedule I (R. 237 at 7, citing United States v. Gaertner, 583 F.2d 308, 312 (7th Cir. 1978) (rejecting a claim that marijuana is arbitrarily and irrationally classified as a controlled substance)), rather than considering his actual claim. (R. 241 at 6.) He further argues that cases like Gaertner are inconsistent with current science and attitudes about marijuana. (R. 241 at 7.) He notes that marijuana laws are fluid and evolving, e.g., a recent farm bill exempted hemp. (R. 241 at 8; R. 243 at 1.) He also faults the magistrate judge for citing selective prosecution cases (R. 237 at 8, citing United States v. Armstrong, 517 U.S. 456 (1996); Wayte v. United States, 470 U.S. 598 (1985)), which do not address his claim that the marijuana scheme in toto is unconstitutional. (R. 241 at 9.)

While defendant criticizes the magistrate judge's "piece-meal poking-of-holes approach" (R. 241 at 10), he cannot avoid the case-law developed by the Supreme Court and the Seventh Circuit through his own blunderbuss approach. He concedes that his argument is novel, and

that there is no case-law supporting it. (R. 241 at 10.) District courts do not, as a rule, decide cases based on the sort of broad medical, scientific, social, and economic arguments defendant makes here, which are better directed to the political branches. Marijuana law has evolved and no doubt will continue to do so. Dismissing the indictment against defendant Habib is not a proper response to dissatisfaction with the pace of federal reform. See United States v. Green, 222 F. Supp. 3d 267, 280 (W.D.N.Y. 2016).

**II.**

In the next section of his objections, defendant argues that the government's marijuana scheme should be subjected to strict scrutiny. (R. 241 at 12.) However, he fails to explain how application of that scheme to him should trigger such scrutiny under any recognized theory. See Segovia v. United States, 880 F.3d 384, 390 (7th Cir. 2018) ("Equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class.") (internal quote marks and brackets omitted); see also Gonzales v. Raich, 545 U.S. 1, 22 (2005) (applying rational basis review to a challenge to federal marijuana laws).

Defendant suggests that his fundamental rights are implicated because the government has charged a drug weight triggering a mandatory minimum sentence, but he cites no authority supporting that argument. (R. 241 at 12-13.) To be sure, the Constitution has a role to play when the government charges such an offense. See United States v. Armenta, 883 F.3d 1005, 1009 (7th Cir. 2018) ("[D]efendants certainly have a right for any fact that increases a statutory minimum or maximum to be submitted to a jury and proved beyond a reasonable doubt.") (citing Alleyne v. United States, 570 U.S. 99 (2013); Apprendi v. New Jersey, 530 U.S. 466 (2000)). However, the Supreme Court has rejected the notion that the fundamental right to

3

liberty means that criminal statutes must be subjected to strict scrutiny. See Chapman v. United States, 500 U.S. 453, 464-65 (1991); see also United States v. Johnson, 40 F.3d 436, 439 n.1 (D.C. Cir. 1994) ("Appellants' asserted 'liberty interests' bear no relation to the fundamental 'rights' at stake in cases such as Rodriguez (education) and Skinner v. Oklahoma, 316 U.S. 535, 541 (1942) (marriage and procreation), interests which represented more than just the manufactured 'right' to be free from the very punishment at issue in the core equal protection challenge."); United States v. Jenkins, 909 F. Supp. 2d 758, 776 (E.D. Ky. 2012) (noting that a defendant's liberty is at stake in all criminal prosecutions, but criminal statutes are not per se subject to strict scrutiny).

Defendant cites R.A.V. v. St. Paul, 505 U.S. 377, 395 (1992), but the ordinance at issue there regulated expression. Defendant makes no claim that the government's marijuana scheme implicates his First Amendment rights. (R. 241 at 13.) He also mentions a right of "economic liberty" (R. 241 at 13-14), but there "is no fundamental constitutional right to import, sell, or possess marijuana." United States v. Fogarty, 692 F.2d 542, 547 (8th Cir. 1982).[1] He further suggests that the scheme targets a suspect class: "the non-corporate marijuana entrepreneur." (R. 241 at 15.) Again, he presents no authority in support of that sort of classification, and the cases he does cite are unhelpful.[2]

---

[1] Defendant cites United States Dep't of Agric. v. Moreno, 413 U.S. 528 (1973), which involved a challenge to a provision of the food stamp program, and Lawrence v. Texas, 539 U.S. 558 (2003), which involved a challenge to a Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct. These cases are inapposite.

[2] In addition to Moreno, discussed in note 1, supra, he cites Monarch Bev. Co. v. Cook, 861 F.3d 678, 681 (7th Cir. 2017), in which the court rejected a challenge to an Indiana alcohol regulation, stating: "Indiana's prohibited-interest law doesn't draw lines based on race or any other suspect classification, it doesn't burden a fundamental right, and it raises no federalism

4

Defendant contends that heightened review is appropriate given the recent approval by the FDA of a seizure medication containing cannabinoid (R. 241 at 13; R. 243 at 1) and by the government's hands off approach in states that permit certain marijuana related activities (R. 241 at 14). However, he develops no argument that the recognition of medical exceptions or respect for state prerogatives requires striking down the entire federal scheme under strict scrutiny review. (R. 241 at 14-15, 22-23.)

Defendant also contends that the government is engaging in prextextual and selective prosecutions with the goal of eradicating non-corporate marijuana entrepreneurship. (R. 241 at 17, 24.) Criminal defendants bringing selective prosecution claims must show that the federal prosecutorial policy has a discriminatory effect and that it is motivated by a discriminatory purpose. United States v. Alanis, 265 F.3d 576, 585 (7th Cir. 2001). "In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." Armstrong, 517 U.S. at 465 (internal quote marks omitted). Defendant presents no evidence regarding the government's purpose, nor does he attempt to show that other similarly situated individuals have not been prosecuted.[3] See United States v. White, 928 F.3d 734, 743-44 (8th Cir. 2019) (rejecting a selective prosecution claim based on the Cole Memos); see also Armstrong, 517 U.S. at 465 (noting that courts should not second guess the government's enforcement priorities).

---

concerns under the Supreme Court's dormant commerce-clause doctrine. So Monarch's equal-protection challenge triggers only the most lenient form of judicial review: the law is valid unless it lacks a rational basis."

[3]Defendant appears to suggest that the scheme is designed to protect "corporate operators" from competition (R. 241 at 17, citing Craigmiles v. Giles, 312 F.3d 220 (6th Cir. 2002)), but he presents no evidence in support of that contention. He mentions hemp producers but does not otherwise develop this argument. (R. 241 at 17-18.)

5

Nor does defendant show that the government's enforcement scheme is so inconsistent and confusing as to deny fair notice. (R. 241 at 19-20.) Differences in the law from state to state, or between a state and the federal government, do not deprive persons of fair notice. See United States v. Pendleton, 636 F.3d 78, 85 (3d Cir. 2011). As the magistrate judge noted, confusion about which marijuana-related activities will actually be prosecuted is not enough to show that the government has failed to give notice that marijuana-related activities remain proscribed under federal law. (R. 237 at 9-10.) And as the magistrate judge also noted, the statute under which defendant is charged contains a scienter requirement (R. 237 at 10), which alleviates vagueness concerns, narrows the scope of the prohibition, and limits prosecutorial discretion. See McFadden v. United States, 576 U.S. 186, 197 (2015).[4]

Finally, defendant fails to establish that the government's marijuana scheme is so arbitrary and irrational that it must be struck down under even rational basis review. (R. 241 at 16.) As the Supreme Court has noted, rational basis review is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. Heller v. Doe, 509 U.S. 312, 319 (1993). A classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity, id., and must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification, id. at 320. The government has no obligation to produce evidence to sustain the rationality of a statutory classification. Id. Defendant argues that recent scientific, legal, and attitudinal changes about marijuana render the government's scheme

---

[4] In its response, the government contends that defendant's actions leading up to and after his arrest reveal that he understood the illegality of his acts. (R. 242 at 10.) Defendant does not argue otherwise in reply.

6

irrational (R. 241 at 20), but as indicated above these sorts of arguments are properly directed to the political branches; courts have rejected them. See, e.g., United States v. Pickard, 100 F. Supp. 3d 981, 1006, 1009 (E.D. Cal. 2015) (collecting cases); see also United States v. Christie, 825 F.3d 1048, 1066 (9th Cir. 2016) (acknowledging that while "marijuana's legal status continues to evolve, as does its standing in the medical and scientific communities," those developments did not require the court to revisit its previous decision rejecting such a challenge); Fogarty, 692 F.2d at 548 ("[E]ven assuming, arguendo, that marijuana has some currently accepted medical uses, the Schedule I classification may nevertheless be rational in view of countervailing factors such as the current pattern, scope, and significance of marijuana abuse and the risk it poses to public health.").

**III.**

In the third section of his objections, defendant argues that the government has abandoned and forfeited its right to prosecute his marijuana dealing. He relies on the ancient legal doctrine of desuetude, under which a legislative enactment is judicially abrogated following a long period of non-enforcement. (R. 241 at 25.)

"[T]he Seventh Circuit of Appeals has noted that, if the defense of desuetude even exists, it is reserved for extreme cases." United States v. Jones, 347 F. Supp. 2d 626, 629 (E.D. Wis. 2004) (citing Cent. Bank of Mattoon v. United States Dep't. of Treasury, 912 F.2d 897, 906 (7th Cir. 1990)). Defendant fails to show that his case falls in that category. He contends that he has acquired the right to expect non-prosecution of his marijuana dealings from the government's long history, and continuing practice, of not prosecuting such dealings in states where marijuana is legal. (R. 241 at 26-27.) However, the government's approach of deferring to the states appears to be of relatively recent vintage. See United States v.

7

Griffith, 928 F.3d 855, 867 (10th Cir. 2019) (discussing the Cole Memos issued in 2013 and 2014); United States v. McIntosh, 833 F.3d 1163, 1169-70 (9th Cir. 2016) (discussing a 2014 appropriations rider precluding use of funds to prevent states from implementing their own medical marijuana laws). Defendant fails to explain how he acquired an expectation that he would not be prosecuted in this district based on such developments. Nor does he show that use of federal marijuana law in this district is so infrequent as to trigger the doctrine of desuetude. (R. 241 at 27-28.)

Finally, defendant makes no claim that his conduct was permitted under Wisconsin law, such that a federal prosecution comes as an unfair surprise; nor does he argue that the prosecution should be enjoined under the Ninth Circuit's reasoning in McIntosh. Rather, his argument seems to merge with his previous equal protection/selective prosecution claim.

**IV.**

For the foregoing reasons and those stated by the magistrate judge, defendant fails to establish a basis for dismissal or other requested relief.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 237) adopted, and defendant's motion to dismiss (R. 33) is denied.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2020.

/s Lynn Adelman
LYNN ADELMAN
District Judge